[Civ. No. 9417.   Second Appellate District, Division One.—November 1, 1935.]

LUCILLE E. ROWLEY, Administratrix, etc., Appellant, v. FRANK BRYSON, Administrator, etc., Respondent.

John W. Satterwhite for Appellant.

Everett W. Mattoon, County Counsel, and S. V. O. Prichard, Deputy County Counsel, for Respondent.

SHINN, J., *pro tem.*—In this action on a creditor's claim against the estate of a decedent, the court sustained a demurrer to the first amended complaint without leave to amend. From the resulting judgment plaintiff appeals.

The claim, which was rejected in its entirety, was for the sum of $3,500, being the amount of insurance under a life insurance policy in which plaintiff's intestate, Burt M. Rowley, was beneficiary, and defendant's intestate, Edgar T. Albert,

was the insured. Plaintiff's right to the money was alleged to be founded upon a contract under which Rowley agreed to, and did, take charge of, nurse and care for Ada Albert, sister of Edgar Albert, in consideration of the latter's agreement, under which Rowley was to, and did, become beneficiary, and he or his heirs were to receive the proceeds of the policy, which agreement it was alleged was fully performed by Rowley, who predeceased Albert. The defect in the complaint, because of which the demurrer was sustained, is the failure to allege that the proceeds of the policy had ever been received by defendant administrator. This defect is fatal to the complaint. No indebtedness was created under the agreement as between the parties. The defendant estate did not owe the plaintiff estate anything in the absence of collection of the proceeds of the policy by the former.

██ The complaint did not allege facts showing any indebtedness owing by defendant estate, and the demurrer was therefore properly sustained. Plaintiff had ample opportunity to allege the receipt of the money by defendant, but failed to do so, and likewise failed to seek leave to amend the complaint to cure the defect. The demurrer was therefore properly sustained without leave to amend.

The judgment is affirmed.

Houser, P. J., and York, J., concurred.